```
            UNITED STATES DISTRICT COURT
          SOUTHERN DISTRICT OF MISSISSIPPI
                  JACKSON DIVISION
```

RUDY WARE                                              PLAINTIFF

VS.                              CIVIL ACTION NO. 3:09CV727TSL-FKB

MISSISSIPPI DIVISION OF MEDICAID                       DEFENDANT

## MEMORANDUM OPINION AND ORDER

Plaintiff Rudy Ware filed this lawsuit against his employer Mississippi Division of Medicaid (DOM) alleging claims under Title VII of the Civil Rights Act, 42 U.S.C. § 2000e, and 42 U.S.C. § 1981, for race discrimination (disparate treatment) and retaliation, and under state law for intentional infliction of emotional distress.  The case is presently before the court on the DOM's motion for summary judgment pursuant to Rule 56 of the Federal Rules of Civil Procedure.  Ware has not responded to the motion, despite having requested and been granted an extension of time within which to do so.  The court, having considered the memoranda of authorities, together with attachments, submitted by defendant in support of the motion, concludes the motion is well taken and should be granted.

According to his complaint, plaintiff became hired by the DOM in 1983 as a business manager.  Plaintiff alleges that in March 2007, he complained to his supervisor, David Maatallah, about inequality in the workload between plaintiff and a Caucasian

bureau director.  The court notes that nine months later, on December 19, 2007, plaintiff received a pay raise of $3,900 while other similarly situated employees received salary increases of up to $12,000.  Plaintiff alleges that defendant's awarding him a lesser pay increase than other similarly situated employees was discriminatory (on the basis of his race) and retaliatory (for his having reported race discrimination as to the balance of the workload), and constitutes intentional infliction of emotional distress.

Defendant DOM seeks summary judgment on plaintiff's disparate treatment claim on the basis that plaintiff cannot prove that he was treated differently from any other "similarly situated" employee or employees under "nearly identical" circumstances.[1] See Okoye v. Univ. of Tex. Houston Health Sci. Ctr., 245 F.3d 507, 512-13 (5th Cir. 2001)(explaining that without direct evidence of discrimination, plaintiff asserting disparate treatment based on race must establish prima facie case of discrimination, which requires proof that he is a member of a protected class, was

---

[1]  Defendant also seeks dismissal of plaintiff's putative claims under 42 U.S.C. § 1981 on the basis that, as a public entity, it is not subject to liability under § 1981.  See Jett v. Dallas Indep. Sch. Dist., 491 U.S. 701, 735, 109 S. Ct. 2702, 2723, 105 L. Ed. 2d 598 (1989) ("We hold that the express 'action at law' provided by § 1983 for the 'deprivation of any rights, privileges, or immunities secured by the Constitution and laws,' provides the exclusive federal damages remedy for the violation of rights guaranteed by § 1981 when the claim is pressed against a state actor.").

qualified for the position, suffered an adverse employment action, and that similarly situated employees outside the protected class were treated more favorably under nearly identical circumstances). Whereas plaintiff alleged in his complaint that he was the victim of race discrimination because other similarly situated employees received salary increases of up to $12,000, defendant points out in its motion that the sole employee plaintiff was able to identify in his deposition as having received a $12,000 pay raise was Anthony Terry, who, like plaintiff, is black.  Two other employees who received $10,000 pay raises, Valencia Coleman and Glenda Kelly, are also black.  Plaintiff thus claimed in his deposition that the reason he received a lesser pay raise must have been retaliation, because he did not "know what else it could be."  Accordingly, defendant is entitled to summary judgment on plaintiff's race discrimination claim.

 Defendant has moved for summary judgment on plaintiff's retaliation claim on the basis that plaintiff cannot establish a prima facie of retaliation since he cannot establish that there was any causal connection between his alleged report of race discrimination and his receiving a lesser pay raise, see Mattern v. Eastman Kodak Co., 104 F.3d 702, 705 (5th Cir. 1997) (plaintiff's prima facie case of retaliation requires proof that plaintiff engaged in protected activity, that his employer took

3

adverse employment action against the employee, and that a causal connection exists between that protected activity and the adverse employment action) (citing Shirley v. Chrysler First, Inc., 970 F.2d 39, 42 (5th Cir. 1992)), and because plaintiff cannot in any event establish that defendant's legitimate, non-retaliatory explanation for its decision with respect to plaintiff's raise was pretext for retaliation, see Magiera v. City of Dallas, No. 09-10826, 2010 WL 3168211, 2 (5th Cir. Aug. 11, 2010) (if the employer satisfies its burden to articulate a non-retaliatory reason for its challenged employment decision, the plaintiff must prove that the [employer's] proffered legitimate, non-discriminatory reason is pretext for a retaliatory purpose, and in doing so, must prove that the adverse employment action taken against him would not have occurred "but for" his protected conduct) (internal quotations and citations omitted).

According to defendant, in support of his claim that his receiving a lesser pay raise was causally connected to his reporting what he perceived as race discrimination, plaintiff can cite only temporal proximity and his subjective belief that there is a link.  Of course, a plaintiff cannot establish a prima facie causal link based on nothing more than his subjective belief that he was the victim of retaliation.  See Peace v. Harvey, 207 F. App'x 366, 369 (5th Cir. 2006) (per curiam) (citing Byers v. The Dallas Morning News, Inc., 209 F.3d 419, 427 (5th Cir. 2000)).

And while "'[c]lose timing between an employee's protected activity and an adverse action against [him] may provide the 'causal connection' required to make out a prima facie case of retaliation,'" Evans v. City of Houston, 246 F.3d 344, 354 (5th Cir. 2001) (quoting Swanson v. Gen. Servs. Admin., 110 F.3d 1180, 1188 (5th Cir. 1997)), if the plaintiff's only evidence of a prima facie causal link is "mere temporal proximity between an employer's knowledge of protected activity and an adverse employment action," then "the temporal proximity must be very close." Clark County School District v. Breeden, 532 U.S. 268, 273-74, 121 S. Ct. 1508, 149 L. Ed. 2d 509 (2001) (noting that a three-month or four-month period may be close enough to make a prima facie showing of causation but holding that a twenty-month period was not).  In the court's view, the lapse of nine months from the time of plaintiff's alleged report of discrimination and the challenged adverse employment action is not sufficiently close timing to satisfy the causal connection for plaintiff's prima facie case.  See E.E.O.C. v. Omni Hotels Mgmt. Corp., 516 F. Supp. 2d 678, 707 (N.D. Tex. 2007) (holding that eight-to-nine-month gap separating protected activity and alleged retaliatory action did not qualify as "close timing" and negated any inference of a causal connection); cf. Evans, 246 F.3d at 354 observing that "a time lapse of up to four months has been found sufficient to satisfy the causal connection for summary judgment purposes")

5

(quoting Swanson, 110 F.3d at 1188).  But even if it were arguably sufficient to satisfy plaintiff's prima facie case, plaintiff has offered no evidence of pretext in response to the legitimate, non-retaliatory reason which defendant has given for its decision with respect to plaintiff's pay raise.  Defendant asserts that plaintiff was given a lesser raise because he had received an unsatisfactory employment assessment; he was advised that he would receive one-half the raise he was eligible to receive, and would receive the other half when he received a satisfactory performance appraisal rating.  Plaintiff has offered no evidence tending to undermine defendant's articulated reason for its decision and thus has failed to offer any evidence to sustain his burden to demonstrate pretext.[2]  Accordingly, the court concludes that defendant is entitled to summary judgment on plaintiff's retaliation claim.

Defendant finally seeks summary judgment on plaintiff's state law claim for intentional infliction of emotional distress on the basis that plaintiff has failed to plead or present evidence suggestive of the kind of extreme, outrageous conduct that is necessary for such a claim.  See Morrison v. Means, 680 So. 2d 803, 805-06 (Miss. 1996) (holding that to succeed on claim for

---

[2]   The court notes that the Fifth Circuit "has expressly rejected the notion that temporal proximity standing alone is sufficient to establish but-for causation."  McCullough v. Houston County Tex., 297 Fed. Appx. 282, 288-289, 2008 WL 4613697, 6 (5th Cir. 2008) (citing Strong v. Univ. Healthcare Sys., 482 F.3d 802, 808 (5th Cir. 2007)).

6

intentional infliction of emotional distress, a plaintiff must prove that the defendant's conduct is "'so outrageous in character, and so extreme in degree, as to go beyond all bounds of decency and to be regarded as atrocious, and utterly intolerable in a civilized community'")( citations omitted); see also Nuwer v. Mariner Post-Acute Network, 332 F.3d 310, 316 (5th Cir. 2003) (stating that "'a claim for intentional infliction of emotional distress will not ordinarily lie for mere employment disputes'") (quoting Lee v. Golden Triangle Planning & Dev. Dist., Inc., 797 So. 2d 845, 851 (Miss. 2001)).  The court agrees, and concludes that defendant is entitled to summary judgment on this claim, as well.

Accordingly, it is ordered that defendant's motion for summary judgment is granted.

A separate judgment will be entered in accordance with Rule 58 of the Federal Rules of Civil Procedure.

SO ORDERED this 27th day of December, 2010.

/s/ Tom S. Lee
UNITED STATES DISTRICT JUDGE